# EXHIBIT B

COMMONWEALTH OF KENTUCKY
CASEY CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

LARRY COCHRAN                                                                    PLAINTIFF

vs.                                    **COMPLAINT**

AETNA LIFE INSURANCE COMPANY

        **To be served through:**
        CT Corporation System
        306 West Main Street
        Suite 512
        Frankfort, KY 40601

*** *** *** ***

Comes the Plaintiff, Larry Cochran, and for his Complaint against Defendant Aetna Life

Insurance Company, states as follows:

1. Plaintiff Larry Cochran is a citizen and resident of Casey County, Kentucky.

2. Defendant Aetna Life Insurance Company ("Aetna") is an insurance company believed to

    be domiciled in the state of Connecticut, authorized to do the business of insurance in

    Kentucky by holding a Kentucky Certificate of Authority. Aetna's principal office is

    located at 151 Farmington Avenue, Hartford, Connecticut 06156. Aetna's service of

    process agent is CT Corporation System, located at 306 West Main Street, Suite 512,

    Frankfort, Kentucky 40601.

3. Jurisdiction and venue are proper in this Court because Defendant transacts business and

    caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was

    caused harm in, Casey County, Kentucky.

Package:000003 of 000007

Presiding Judge: HON. JUDY VANCE-MURPHY (629324)

Package : 000003 of 000007

4.  At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of RR Donnelley & Sons Company ("RR Donnelley") employed as a Manufacturing Supervisor. Plaintiff was an employee of RR Donnelley since approximately July 22, 1985.

5.  RR Donnelley established and provided a long-term disability plan ("Plan" or "LTD Plan") to its employees, which includes Plaintiff.

6.  Plaintiff was covered and eligible under the Plan.

7.  The disability policy defines disability and entitles Plaintiff to receive long-term disability benefits, if Plaintiff meets the following definition:

> **Test of Disability**
> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
>
> - You cannot perform the **material duties** of your **own occupation** solely because of an **illness, injury** or disabling pregnancy-related condition; and
> - Your earnings are 80% or less of your **adjusted predisability earnings.**
>
> *After the first 24 months of your disability* that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any **reasonable occupation** solely because of an **illness, injury** or disabling pregnancy-related condition.[1]

8.  Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the disability policy.

9.  Plaintiff, while working for RR Donnelley, became disabled under the terms of the disability policy, which disability arose after the Effective Date of the policy, and he was unable to return to work at RR Donnelley since on or about March 7, 2016, and remains disabled under the terms of the disability policy.

---

[1] Emphasis in original.

Package:000004 of 000007

Presiding Judge: HON. JUDY VANCE-MURPHY (628324)

Package : 000004 of 000007

Filed          20-CI-00023     02/20/2020              Craig L. Overstreet, Casey Circuit Clerk

10. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the disability policy. Plaintiff's disability claim number is believed to be 14048215 and the policy number is believed to be GP-469657.

11. Prior to his long-term disability claim, Plaintiff received short-term disability benefits through exhaustion.

12. By letter dated August 11, 2016, Defendant approved Plaintiff's claim for long-term disability benefits.

13. On or about October 12, 2018, Plaintiff was deemed disabled by the Social Security Administration with a disability date of March 28, 2016.

14. By letter dated January 31, 2019, Defendant, through The Hartford, denied Plaintiff's claim for long-term disability benefits under the policy effective February 1, 2019.

15. On July 29, 2019, Plaintiff timely and properly appealed the denial of his long-term disability benefits, in the manner set forth in the applicable policy.

16. By letter dated January 28, 2020, Defendant upheld the denial of Plaintiff's claim for long-term disability benefits.

17. The January 28, 2020 letter stated "no other action will be taken by" Defendant and Plaintiff "can file a lawsuit under Section 502(a) of a law called ERISA."

18. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

19. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

20. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract and/or by law.

Package:000005 of 000007

Presiding Judge: HON. JUDY VANCE-MURPHY (629324)

Package : 000005 of 000007

## COUNT I

21. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

22. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the plan and to recover benefits under the terms of the plan.

23. Under the terms of the insurance policy, Plaintiff is entitled to continued monthly LTD benefits until the maximum benefit duration date in the policy.

24. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

25. Defendant's decision to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

26. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

27. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Package:000006 of 000007

Presiding Judge: HON. JUDY VANCE-MURPHY (629324)

Package : 000006 of 000007

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Package:000007 of 000007

Presiding Judge: HON. JUDY VANCE-MURPHY (629324)

Package : 000007 of 000007

5